# No. 23-7370

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

―――――――――――

PETERSEN ENERGIA INVERSORA, S.A.U., PETERSEN ENERGIA S.A.U.,
       *Plaintiffs-Appellees-Cross-Appellants*,
v.
ARGENTINE REPUBLIC,
       *Defendant-Appellant-Cross-Appellee*,
YPF S.A.,
       *Defendant-Conditional-Cross-Appellant*.

―――――――――――

On Appeal from the United States District Court for the
Southern District of New York

―――――――――――

**PLAINTIFFS' OPPOSITION TO APPELLANT'S MOTION FOR
EXTENSION OF TIME TO FILE OPENING BRIEF**

―――――――――――

  The judgment below was entered more than three months ago. As a condition of its requested stay, the district court ordered Defendant-Appellant Argentine Republic ("Argentina") to move for an expedited appeal. Instead of complying, Argentina has tried to delay the enforcement of the judgment and the progress of this appeal. Argentina has repeatedly asked to stay all enforcement efforts for the entire duration of this appeal, without offering any security to ensure that Argentina will

actually pay what it owes when the judgment is affirmed. The district court properly rejected those requests, and instead steered a middle course, first agreeing to a stay pending appeal if Argentina agreed to post certain designated assets as security and to move for an expedited schedule on appeal, and then extending its deadlines to allow the new administration to assess its options. However, instead of accepting those reasonable conditions, engaging with Plaintiffs to formulate an expedited appellate schedule, or even using the additional time to propose alternatives, Argentina now seeks the very opposite of an expedited appeal. It asks not only for the full 91 days allowed by this Court's rules to file its opening brief (which already represents a 51-day extension of the normal default schedule), but an *additional* 30-day extension, even though the issues presented have been exhaustively briefed below by the same counsel. As the district court observed yesterday, Argentina's request for further delay "belies its supposed commitment to 'honor its obligations and seek to work with its creditors,'" and instead "suggests that it intends to continue its strategy of procedural delay and obfuscation." D.Ct.Dkt.533 at 5 (brackets omitted). This Court should squarely reject Argentina's attempt to delay the progress of this appeal, and instead order an expedited briefing schedule to quickly and efficiently resolve this already protracted litigation.

2

## BACKGROUND

This case arises from Argentina's and Defendant-Cross-Appellee YPF S.A.'s breaches of their promises to investors and their contractual obligations in connection with Argentina's renationalization of YPF in 2012. Despite its clear obligations under YPF's bylaws, as previously recognized by this Court, Argentina steadfastly refused to make the tender offer that the bylaws required, depriving Plaintiffs in this case and its companion case in *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 23-7376 (2d Cir.), of billions of dollars that they were contractually owed. This case was initiated back in 2015, but its progress was significantly delayed by Defendants' earlier appeal seeking to avoid their contractual obligations by unsuccessfully invoking sovereign immunity. After years of litigation, the district court (Preska, J.) entered final judgment in this case and *Eton Park* on September 15, 2023, awarding approximately $16.1 billion in damages—a figure that reflected both the scale of Argentina's massive breach of its contractual obligations, and the lengthy period—11 years (and counting)—during which Argentina has deferred the day of reckoning while its interest obligations mount. *See* D.Ct.Dkt.498.

3

Despite its immediate condemnation of the judgment, Argentina took nearly a month to file its notice of appeal to this Court. *See* D.Ct.Dkt.504.[1] Argentina subsequently requested permission to file its opening brief on appeal on January 23, 2023, a full 91 days after the ready date—the longest period permitted by this Court's rules, representing a 51-day extension beyond the normal 40-day default briefing period. Dkt.33; *see* Local Rule 31.2(a)(1)(A); *cf.* Fed. R. App. P. 31(a)(1). Argentina also requested the same extended schedule in its companion appeal in *Eton Park*. This Court so-ordered Argentina's scheduling request. *See* Dkt.51.

Meanwhile, Argentina moved in the district court for a stay of execution of the judgment pending appeal, without offering any bond or other security to ensure that the judgment would actually be paid upon affirmance. D.Ct.Dkt.513; *see* Fed. R. Civ. P. 62(b). The district court granted that motion in part, allowing Argentina a stay pending appeal on the conditions that Argentina (1) pledge certain specified assets by December 5, 2023 as partial security for the judgment amount, and (2) "promptly … seek expedited review of its appeal." D.Ct.Dkt.527 at 10. Plaintiffs promptly engaged with counsel for Argentina and YPF to negotiate an expedited appeal schedule, only to have their efforts rebuffed.

---

[1] Plaintiffs in this case and *Eton Park* cross-appealed to challenge the district court's dismissal of their promissory estoppel claims and summary judgment for YPF, and YPF filed a conditional cross-cross-appeal. *See* Nos. 23-7463, 23-7471, 23-7614, 23-7667 (2d Cir.).

4

On November 19, 2023, the people of Argentina elected a new President, Javier Milei. In response, Argentina asked the district court to extend its deadline of December 5 for pledging the specified assets as partial security for the judgment to January 10, 2024, in order to allow the new administration sufficient time to decide how to proceed. D.Ct.Dkt.528. The district court granted that request, while "remind[ing]" Argentina that "as a condition of the stay of enforcement [of the judgment] with minimal security," it was "required … to seek expedited review from the Court of Appeals." D.Ct.Dkt.529 at 1. Plaintiffs renewed their efforts to negotiate an agreed-upon expedited briefing schedule, but were once again rebuffed.

Having been repeatedly told to seek to expedite this appeal as a reasonable condition for a stay of enforcement efforts, Argentina has now done precisely the opposite. Three weeks after the district court's order extending its pledging deadline, instead of seeking expedition from this Court, Argentina filed its present motion to further extend the time to file its opening brief—on top of the 91 days it has already requested and received—by an additional 30 days, which would produce an opening brief deadline of over 300% of the default period set by the Federal Rules of Appellate Procedure.

At the same time that it filed the present motion for an extension in this Court, Argentina again asked the district court to grant a full stay of enforcement of the judgment pending appeal without any conditions, claiming that it could not meet the

5

conditions that the district court had set and again citing the need to confer with the new administration. D.Ct.Dkt.531. The district court swiftly rejected that request, explaining that Argentina had already represented that the prior extension of its deadline to January 10, 2024 "would provide ample time for the new administration to evaluate" its options under the district court's order, and rejecting Argentina's "new attempt to shift the goalposts." D.Ct.Dkt.533 at 2, 4. Moreover, Argentina's motion "requesting further delay, not expedition, from the Court of Appeals … belies its supposed commitment to 'honor its obligations and seek to work with its creditors,' and indeed 'suggests that it intends to continue its strategy of procedural delay and obfuscation.'" *Id.* at 5 (brackets and citation omitted).

## ARGUMENT

Argentina has already sought and received the full 91 days that this Court allows every appellant to request for the filing of its opening brief—a uniquely generous 51-day extension above and beyond the typical 40-day default that the Federal Rules provide and most other circuits observe. Dkt.33, 51; *see* Fed. R. App. P. 31(a)(1); Local Rule 31.2(a)(1)(A). As this Court has made clear: "[A]llowing counsel to choose a date within such an extended period of time has a consequence: counsel is expected to comply with the date chosen[.]" *RLI Ins. Co. v. JDJ Marine, Inc.*, 716 F.3d 41, 43 (2d Cir. 2013). Accordingly, this Court "will not grant" any extension of its 91-day briefing period absent "an extraordinary circumstance, such

6

as serious personal illness or death in counsel's immediate family." Local Rule 27.1(f)(1).

Argentina's ongoing campaign to delay the progress of this already-protracted litigation and postpone enforcement of the judgment below plainly does not satisfy that demanding standard. Plaintiffs certainly appreciate the need for the new administration to "get up to speed," Mot.2, and sincerely hope that the change in administration will betoken a change in approach to this case and Argentina's commitments on international markets more generally. But as the district court most familiar with this litigation just observed, Argentina has already had "ample time for the new administration to evaluate" the case, especially if it truly intends to "honor its obligations and seek to work with its creditors" rather than just "mouthing an intent to cooperate but refusing to do so." D.Ct.Dkt.533 at 2, 5 (brackets omitted). The issues presented on appeal have already been exhaustively briefed below by the parties' same counsel, and the time has come to promptly bring this long-running litigation to a close. Argentina has already refused to pay Plaintiffs what it clearly owes them for well over a decade; it should not be permitted to continue a "strategy of procedural delay and obfuscation." *Id.* at 5.

In short, there is no good reason to allow Argentina to delay this appeal further, and every reason to resolve it on the expedited basis that the district court suggested. Especially given Argentina's own recognition of the important interests at stake, *see,*

7

*e.g.*, Mot.3-4, all parties should favor a swift and definitive resolution of this case. For that very reason, Plaintiffs have repeatedly sought to engage with Argentina to agree to an expedited schedule for this appeal—to no avail. Given the weighty interests at stake and Argentina's history of delay, this Court should consider setting an expedited briefing schedule for the rest of this appeal. At a bare minimum, Argentina's request to extend that schedule further should be denied.

## CONCLUSION

This Court should deny Argentina's motion for an extension.

Respectfully submitted,

s/Paul D. Clement

| | |
|---|---|
| MARK C. HANSEN | PAUL D. CLEMENT |
| DEREK T. HO | *Counsel of Record* |
| ANDREW E. GOLDSMITH | C. HARKER RHODES IV* |
| KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C. | NICHOLAS M. GALLAGHER* CLEMENT & MURPHY, PLLC |
| 1615 M Street, N.W., Suite 400 | 706 Duke Street |
| Washington, D.C. 20036 | Alexandria, VA 22314 |
| (202) 326-7900 | (202) 742-8900 |
| mhansen@kellogghansen.com | paul.clement@clementmurphy.com |

*Supervised by principals of the firm who are members of the Virginia bar

RANDY MASTRO
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2114
rmastro@kslaw.com

*Counsel for Plaintiffs-Appellees-Cross-Appellants*

December 22, 2023

8

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

I hereby certify that:

1. This opposition complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,561 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This opposition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

December 22, 2023

s/Paul D. Clement<br>
Paul D. Clement

## CERTIFICATE OF SERVICE

I hereby certify that, on December 22, 2023, an electronic copy of the foregoing opposition was filed with the Clerk of Court using the ECF system and thereby served upon all counsel appearing in this case.

s/Paul D. Clement<br>
Paul D. Clement