# 23-7370(L)

## 23-7463(XAP), 23-7614(XAP)

# In the United States Court of Appeals for the Second Circuit

PETERSEN ENERGIA INVERSORA S.A.U., PETERSEN ENERGIA S.A.U.,
*Plaintiffs-Appellees*,

v.

ARGENTINE REPUBLIC,
*Defendant-Appellant,*

YPF, S.A.,
*Defendant.*

On Appeal from the United States District Court
for the Southern District of New York
(No. 1:15-cv-02739) (Hon. Loretta A. Preska)

## OPPOSITION TO PLAINTIFFS-APPELLEES' EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING

Amanda F. Davidoff
Thomas C. White
Morgan L. Ratner
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
(202) 956-7500
davidoffa@sullcrom.com

Robert J. Giuffra, Jr.
Sergio J. Galvis
Adam R. Brebner
Pedro José Izquierdo
Arturo Carlos Schultz
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000
giuffrar@sullcrom.com

*Attorneys for the Argentine Republic*

Defendant-Appellant the Republic of Argentina respectfully opposes Plaintiffs-Appellees' motion for a 28-day extension of the 14-day period in which to file a petition for rehearing. *See* Case No. 23-7370, Dkt. No. 285.

On March 27, 2026, this Court reversed the district court's "unprecedented" $16.1 billion judgment against the Republic. *See* Dkt. Nos. 279, 280, 283. Any rehearing petition is due by April 10, 2026. *See* Fed. R. App. P. 40(d)(1). Plaintiffs-Appellees now seek a 28-day extension, tripling the standard period, for a total of 42 days from this Court's decision. Dkt. No. 285. Plaintiffs-Appellees have not shown "good cause," Fed. R. App. P. 26(b), for a 28-day extension, as opposed to an extension of one week, which the Republic would not oppose.

1.  Rehearing is an extraordinary remedy, available only in narrow circumstances to avoid any delay in the issuance of the mandate. *See* Fed. R. App. P. 40(c) ("Rehearing en banc is not favored."). Here, there is no basis for rehearing, given that the Court's opinion turned on issues of Argentine law that were fully canvassed in the majority opinion and in district court proceedings. *See* Dkt. No. 279. A petition for panel rehearing must identify the "point of law or fact" the Court allegedly "overlooked or misapprehended." *See* Fed. R. App. P. 40(b)(1). Because of the amount of time the parties have spent presenting Argentine law to this Court and the district court, if any matters had been "overlooked or misapprehended" (none were), Plaintiffs could quickly identify them. Nor is there any basis for *en banc*

review of these Argentine law issues. Plaintiffs-Appellees cannot identify any conflict with a decision of this Court, the Supreme Court, or another court of appeals; nor are the questions of Argentine law on which the Court's decision turned issues of "exceptional importance" to United States litigants. Fed. R. App. P. 40(b)(2)(A)-(D).

2.     Plaintiffs-Appellees' request for a four-week extension fails to meet the very standard Plaintiffs themselves have sought to impose on the Republic. For example, when the Republic moved for a 30-day extension of time to file its opening brief, Plaintiffs opposed it, arguing that increasing the Republic's briefing deadline by one-third of the default 90-day period constituted unacceptable "procedural delay." Dkt. No. 53 at 6. Plaintiffs now seek to *triple* the period allotted for seeking rehearing—a request that is inconsistent with Plaintiffs' own threshold for acceptable delay.

3.     As the principal basis for their motion, Plaintiffs-Appellees cite an upcoming April 27 Supreme Court argument in which their lead counsel, Paul Clement, will participate. Dkt. No. 285 ¶ 3. As a result of this Court's March 27 ruling, Mr. Clement will not have to argue two appeals related to this matter that were scheduled for April 16. *See* Dkt. No. 279 at 21 n.6 ("Our decision thus may render moot some or all of the pending appeals of the district court's orders related to turnover and post-judgment discovery."). In any event, petitions for rehearing are

written submissions without oral argument, and Plaintiffs have a large team of lawyers at multiple firms working on this case.

4. Unnecessary delay is particularly prejudicial because Plaintiffs-Appellees have filed recognition and enforcement proceedings on the now-reversed judgment in seven foreign countries. All of those proceedings should be promptly dismissed, but Plaintiffs have sought to delay dismissal and continue many of these actions pending issuance of this Court's mandate, including by proceeding with scheduled May hearings in the U.K. and Cyprus. All of those proceedings create costs for the Republic.

Delay is also prejudicial to the Republic where, as here, the Republic has been harmed by this lawsuit for the past decade. The Republic never should have been subjected to "an unprecedented multi-billion dollar damages award" "representing 45% of its annual national budget." *Id.* at 22, 47. Further delay in issuance of the mandate represents continued interference with the Republic's sovereignty.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs-Appellees' motion seeking a 28-day extension to submit a rehearing petition. At most, the timing concerns articulated by Plaintiffs could be addressed with a one-week extension to April 17, 2026, which the Republic would not oppose.

3

Respectfully submitted,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Sergio J. Galvis
Adam R. Brebner
Pedro José Izquierdo
Arturo Carlos Schultz
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
(212) 558-4000
giuffrar@sullcrom.com

Amanda F. Davidoff
Thomas C. White
Morgan L. Ratner
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
(202) 956-7500

*Attorneys for the Argentine Republic*

April 7, 2026

4

## CERTIFICATE OF COMPLIANCE

This Brief complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 690 words.

This Brief also complies with the requirements of Federal Rule of Appellate Procedure 32(a) and Local Rule 32.1 because it was prepared in 14-point font using a proportionally spaced typeface.

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

April 7, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2026, I filed the foregoing Brief with the Clerk of Court for the U.S. Court of Appeals for the Second Circuit through the ACMS system. I certify that all participants in these cases are registered ACMS users and that service will be accomplished by the ACMS system.

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

April 7, 2026