**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** No. 23-7370; 23-7376 **(23-7471 (XAP); 23-7667 (XAP))**   Caption [use short title]

**Motion for:** Leave to File Amicus Curiae Brief

Set forth below precise, complete statement of relief sought:

Grant Motion for Leave to File Amicus Curiae

Brief, in support of Defendants (Argentina and

YPF S.A.), in order to affirm Court's 3/27/2026

decision, which is subject to Plaintiffs' 5/8/2026

Petition for Rehearing En Banc (Petersen and

Eton Park).

Petersen Energía Inversora S.A.U. et al.

v.

Argentine Republic and YPF S.A.

**MOVING PARTY:** **Republican Action for Argentina, Inc. (RA4ARG)**   **OPPOSING PARTY:** **Petersen Energía / Eton Park Management**

☐ Plaintiff    ☐ Defendant

☐ Appellant/Petitioner    ☐ Appellee/Respondent

X  Amici Curiae / Appellant-Interested Party per Case No. 25-576

**MOVING ATTORNEY:** Fernando G. Irazu      **OPPOSING ATTORNEY:** Paul Clement / Harker Rohdes

[name of attorney, with firm, address, phone number and e-mail]

Fernando Irazu, RA4ARG

**Billinghurst 1656, 2A, Buenos Aires, 1425,**

**Argentina**  +549113084-8080

Clement & Murphy PLLC

706 Duke Street, Alexandria, VA 22314

paul.clement@clementmurphy.com +1202-742-8900

Court- Judge/ Agency appealed from:  Honorable Judge Loretta A. Preska, Southern District of New York.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): Petersen / Eton Park Mgmt., Argentina, and YPF S.A.

Opposing counsel's position on motion:
Petersen/Eton Park: ☐ Unopposed ☑ Opposed ☐ Don't Know  Argentina: Takes No Position.
Does opposing counsel intend to file a response: All.  YPF: Don't Know.
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ☐ Yes ☐ No  If yes, enter date:

**Signature of Moving Attorney:**

_____  Date: May 12, 2026   Service : ☑ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

```
------------------------------------------------------------x
                                            ⁞
PETERSEN ENERGÍA INVERSORA, et. al.         ⁞      No. 23-7370
                                            ⁞
                    Plaintiffs,             ⁞      No. 23-7376
                                            ⁞
                 v.                         ⁞     (No. 23-7471 (XAP);
                                            ⁞      No. 23-7667 (XAP))
ARGENTINE REPUBLIC and YPF S.A.             ⁞
                                            ⁞
                    Defendants              ⁞
                                            ⁞
------------------------------------------------------------x
```

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
IN SUPPORT OF DEFENDANTS AND AFFIRMANCE OF
THE COURT'S 3/27/2026 DECISION, SUBJECT TO
PLAINTIFFS' PETITION FOR REHEARING *EN BANC***

Pursuant to FRAP, Rule 29(a)(3) and (b)(3), Republican Action for

Argentina, Inc. ("RA4ARG") respectfully moves this Court for leave to file an

*Amicus Curiae* brief in support of the Defendants, meaning the affirmance of this

Court's 3/27/2026 decision in *Petersen Energía Inversora S.A.U. v. Argentine*

*Republic*, No. 23-7370; 23-7376, as a result of the Plaintiffs' 5/8/2026 Petition for

Rehearing *En Banc*.

RA4ARG submits that leave should be granted because its proposed brief presents issues not addressed by any party, bears directly on the Court's consideration of further review, and may not otherwise be presented at any stage of these proceedings.

### I.  Interest of the Proposed *Amicus Curiae*

RA4ARG is a U.S.-based non-profit organization dedicated to promoting institutional integrity, transparency, and the rule of law, particularly as they relate to the Republic of Argentina and its citizens.

RA4ARG represents all Argentinean citizens and taxpayers directly by holding an independent perspective—free of any given political influence or directives of any kind—not advanced by the Republic of Argentina or anybody else since the beginning of this decade-long legal conflict.

RA4ARG previously sought to participate in the underlying litigation by moving to intervene under Rule 24 and by seeking relief under Rule 60.

The District Court denied intervention and declined to address the Rule 60 issues in light of the then-pending appeal and cross-appeal by the parties insofar the $16.1 billion judgment in favor of the Plaintiffs.  The District Court did not deny RA4ARG's request for substantive relief under Rule 60 (D.Ct.Dkt. 726; Case No. 25-576, Dkt. 3.1).  There is no need to be a party to pursue such Rule 60 relief, which can nonetheless be granted *sua sponte* by the Court.

RA4ARG's appeal from that ruling remains pending before this Court and has been held in abeyance following the Court's 4/10/2026 order (Case No. 25-576, Dkt. 104.1, 100.1, 105.1).

Therefore, RA4ARG has a direct and concrete interest in the disposition of these proceedings and in ensuring that the issues it has raised—distinct from those presented by the parties—are available for timely judicial consideration and adjudication.

The undersigned counsel was authorized to act *Pro Hac Vice* in this legal conflict before the District Court and this Court (Case No. 25-576, Dkt. 12; D.Ct.Dkt. 727).

**II. Grounds for Granting Leave**

Leave to file an *Amicus Curiae* brief is appropriate where the proposed submission is "desirable" and "relevant to the disposition of the case." FRAP, Rule 29(a)(3). RA4ARG's proposed brief satisfies that standard for three independent reasons developed per **II. A. B. C.** *infra*, which as a whole conforms a legal view also calling for its admissibility based on applicable precedents.

RA4AG claims the accompanying *Amicus Curiae* brief represents a "substantive contribution" to the Court's disposition in affirming its 3/27/2026 decision, while addressing grounds that could be eventually necessary upon further

review by the Supreme Court and/or international arbitration proceedings.[1]  See

*Figueiredo Ferraz v. Republic of Costa Rica,* 665 F.3d 34 (2d Cir. 2011).

Based on the *status quo* and the nature of the issues presented by RA4ARG, the Argentinean citizens and taxpayers—in line with the national and strategic interests of the United States—would be independently and competently represented via this *Amicus Curiae* brief, by providing a "unique" perspective in specific legal proceedings that directly impact or affect several others, including RA4ARG's pending appeal as an intervening party seeking relief under Rule 60. See opinion of Judge Richard Posner, *in re, Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

### A.  RA4ARG Presents Issues Not Addressed by Any Party

RA4ARG's proposed submission addresses a set of issues not presented by the parties at any stage of this litigation, including:

(1) whether allegations implicating the integrity of the judicial process warrant consideration under Rule 60 independent of the merits;

(2) whether such issues bear on the propriety of further review prior to finality; and

(3) whether these considerations pose jurisdictional limitations and

---

[1] https://s206.q4cdn.com/737820215/files/doc_news/Burford-Capital-Further-Statement-on-YPF-Appeal-Decision-2026.pdf

institutional implications not addressed in the panel decision or the parties' submissions.

These issues arise from newly presented grounds not previously raised before the District Court or this Court by any party, and are directed to concerns that remain extant regardless of the disposition of the underlying merits.

All of the prior, with regards to an underlying factual scheme of significant foreign-government corruption that poisons the Plaintiffs' claims from inception, which as a whole still remains unaddressed by any relevant U.S. court's ruling.

These issues are analytically distinct from the merits arguments addressed in the panel decision and in the parties' submissions. They arise from grounds not previously presented to the District Court or this Court by any party. Thus, the principle of judicial economy would be advanced by admitting the accompanying *Amicus Curiae* brief.

**B. The Proposed Submission Is Directly Relevant to the Rehearing Inquiry**

At the rehearing stage, the Court evaluates not only the correctness of the panel's reasoning but also whether further review is warranted in light of considerations not previously presented.

RA4ARG's proposed brief is directed to precisely those considerations. It addresses whether issues concerning the integrity of the judicial process and

related institutional concerns bear on the propriety of further review prior to finality.

### C. These Issues May Not Otherwise Be Presented

Absent participation by RA4ARG, these issues may not be presented at any stage of further review.

No party has advanced the arguments raised by RA4ARG, and their consideration is not ensured in connection with rehearing, *certiorari*, or any related proceedings. The absence of these issues from the Court's consideration would leave a category of concerns—distinct from the merits—unaddressed.

In this sense, it is worth mentioning that the Republic of Argentina had requested RA4ARG's appeal to run a separate course from this appeal process.[2]

Both appeals could have been argued jointly last 10/28/2025 to assert all factual and legal grounds calling for the vacatur of the District Court's $16.1 billion judgment against Argentina.

In short, over the course of 2025, the Republic of Argentina, in tandem with the Plaintiffs, made an effort for RA4ARG to be excluded from these specific

---

[2] "The Republic's appeals (Dkts. 23-7370, 23-7376) and the related cross appeals (Dkts. 23-7463, 23-7614, 23-7471, 23-7667) should proceed independently of RA4ARG's appeal (Dkt. 25-576), which is at a different procedural stage.", Case No. 25-576, 4/22/2025, Dkt. 37.1, *Defendant-Appellee Argentina's Response to Republican Action for Argentina's April 12 Motion*, p. 2.

proceedings early on, despite the first one formally agreeing to RA4ARG's intervention and now claiming a staunch opposition to significant foreign-government corruption affecting the Plaintiffs' claims.

### III. Procedural Context Supports *Amicus* Participation

The procedural posture of this case further supports granting leave.

RA4ARG's own appeal—arising from the denial of intervention and the district court's decision to decline consideration of Rule 60 issues—remains before this Court and has been held in abeyance pending the resolution of rehearing or *certiorari* proceedings (Case No. 25-576, Dkt. 104.1, 100.1, 105.1).  Once again, the District Court did not deny RA4ARG's request for substantive relief under Rule 60, it rather declined jurisdiction due to these ongoing appeal proceedings (D.Ct.Dkt. 726; Case No. 25-576, Dkt. 3.1).

In that context, permitting *Amicus* participation will assist the Court in ensuring that issues raised by RA4ARG are preserved and available for consideration before further review is completed.  It would otherwise imply looking at a tree instead of the burning forest demanding proper attention and resolution.

## IV. Conclusion

For the foregoing reasons, RA4ARG respectfully requests that the Court grant leave to file the accompanying *Amicus Curiae* brief.

Dated:  May 11, 2026.

s/Fernando G. Irazu

_____

By:   Fernando G. IRAZU
        Counsel
        ***Republican Action for Argentina, Inc.***
        Billinghurst 1656
        Buenos Aires, 1425
        ARGENTINA
        fgirazu@gmail.com
        +54811-3084-8080

## CERTIFICATION

I hereby certify that this motion complies with FRAP, Rule 27 and Rule 29, because it contains 1,315 words, according to the count of Microsoft Word.  I further certify that this motion complies with the typeface and type-style requirements of FRAP, Rule 32(a)(5)-(6) because it is printed in a proportionally spaced 14-point font, Serif.

Dated:  May 11, 2026.

s/Fernando G. Irazu

_____

By:   Fernando G. IRAZU
      Counsel
      ***Republican Action for Argentina, Inc.***
      Billinghurst 1656
      Buenos Aires, 1425
      ARGENTINA
      fgirazu@gmail.com
      +54811-3084-8080

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 11, 2026, an electronic copy of the above motion was filed with the Clerk of Court and served upon all counsel appearing in this case electronically via the ACMS system.

Dated: May 11, 2026.

<div style="margin-left: 50%;">

s/Fernando G. Irazu

_____

By:  Fernando G. IRAZU
     Counsel
     ***Republican Action for Argentina, Inc.***
     Billinghurst 1656
     Buenos Aires, 1425
     ARGENTINA
     fgirazu@gmail.com
     +54811-3084-8080

</div>

**ATTACHMENT 1**

*Amicus Curiae* **Brief in Support of the Defendants and
Affirmance of the Court's 3/27/2026 Decision,
Subject to the Plaintiffs' 5/8/2026 Petition for Rehearing** *En Banc*

# 23-7370 (L); 23-7376 (L)

## 23-7471 (XAP); 23-7667 (XAP)

========================================================================

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

PETERSEN ENERGIA INVERSORA S.A.U., et al.,

Plaintiffs-Appellees-Cross-Appellants,

v.

ARGENTINE REPUBLIC,

Defendant-Appellant-Cross-Appellee,

YPF S.A.,

Defendant-Conditional Cross-Appellant.

———————————————————

On Petition of Rehearing by the Plaintiffs from the
United States Court of Appeals for the Second Circuit

———————————————————

**BRIEF OF *AMICUS CURIAE* REPUBLICAN ACTION FOR ARGENTINA,
INC. IN SUPPORT OF THE DEFENDANTS**

———————————————————

Fernando G. Irazu
President and Counsel
*Republican Action for Argentina, Inc.*
Billinghurst 1656, 2 A
Buenos Aires, 1425
Argentina
+54 11 4824-1067
fgirazu@gmail.com

*Interested-Party – Appellant:* 25-576-CV

========================================================================

## DISCLOSURE STATEMENT

Pursuant to FRAP, Rule 26.1 and Rule 29(a)(4)(A), Republican Action for Argentina, Inc. ("RA4ARG") is a non-governmental charitable organization established under the laws of the United States of America with a tax-exempt status under Section 501(c)(3). Nobody holds directly or indirectly any ownership interest in it, and none of its founders and directors have any political affiliation or exposure in the United States of America, the Republic of Argentina, or any other country around the world.

Pursuant to FRAP, Rule 29(a)(4)(E), it is further stated that no counsel for any party authored this brief in whole or in part, and no party, party's counsel, or person or entity other than *Amicus Curiae* and its counsel contributed money that was intended to fund preparing or submitting the brief.

RA4ARG is an appellant-intervening party in the pending related-case No. 25-576 before the Court.

The undersigned, already authorized to act *Pro Hac Vice* in this legal conflict before the District Court and this Court, is a U.S. and Argentinean licensed attorney and academic, with 35 years of professional experience as a lawyer and investment banker both in New York City and Buenos Aires, Argentina. The undersigned is acting *pro bono* in these overall proceedings.

**TABLE OF CONTENTS**

<div align="right">

**Page**

</div>

Disclosure Statement…………………………………………………………2

Table of Authorities…………………………………………………………...4

Preliminary Statement…………………………………………………………...6

Identity of *Amicus Curiae*…………………………………………………………...7

Summary of the Argument…………………………………………………….....9

Argument…………………………………………………………………..10

    **I.** Federal courts possess inherent and rule-based authority to address issues affecting the integrity of the judicial process…………………………………...10

    **II.** Record-based allegations raise substantial concerns regarding the integrity of the judicial process…………………………………………………...12

    **III.** These issues are distinct from the merits and remain relevant at the rehearing stage………………………………………………………………15

    **IV.** Absent RA4ARG participation, these issues many not be presented at any stage of further review……………………………………………………..16

    **V.** Affirmance on additional Rule 60 and institutional grounds supports finality and prevents misuse of judicial process………………………………..17

Conclusion …………………………………………………………………..18

Certification……………………………………………………………….…20

Certificate of Service…...……………………………………...………………..21

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Alix v. McKinsey & Co., Inc.*, No. 20-2548 (2d Cir. 2022)……..…………10, 11, 14

*Binker v. Com. of Pa.*, 977 F.2d 738, 745 (3d Cir. 1992)………………………….8

*Chafin v. Chafin,* 133 S. Ct. 1017, 185 (2013)……………………………………….8

*Federal Republic of Germany v. Philipp*, 592 U.S. ___ (2021)……..……………11

*Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 188 (2d Cir. 2006)………..….8

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944)………..10, 14

*Hussein v. Maait*, No. 22-1506 (2d Cir. 2025)……………….…..…....................11

*Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385 (7th Cir. 2008)…………………………………………………………………...........8

*Republic of Austria v. Altmann*, 541 U. S. 677 (2004)…………………………….8

*Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980) (*per curiam*)………….....8

*Toliver v. Cnty. of Sullivan,* 957 F.2d 47, 49 (2d Cir. 1992)………………..……8

*United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1373, 1374 (2010)……...11

**Normative**

*Foreign Sovereign Immunities Act* (FSIA)……………………………….............18

Fed. R. Civ. P., Rule 24……………..…………..…………………..………*passim*

Fed. R. Civ. P., Rule 60……………………………..…………..……...…*passim*

Fed. R. Civ. P., Rule 62.1…………………………………………………….……8

Fed. R. App. P., Rule 12.1……………………….…………………..……….8

Fed. R. App. P., Rule 26.1…………………………………………………………….2

Fed. R. App. P., Rule 29…....……………......………………………….2, 8

**Doctrine** **Page**

Arbastkaya, Maria, Mialon, Hugo, "The Impact of Foreign Corrupt Practices Act on Competitiveness, Bribery, and Investment", *22(1) American Law and Economics Association*, April 2020, 105-126………………...………………..18

\*\*\*

## PRELIMINARY STATEMENT

Last 3/27/2026, the Court overturned the District Court's 9/15/2023 judgment for $16.1 billion against Argentina and affirmed it as to the exoneration of YPF S.A. RA4ARG does not challenge that determination. Last 5/8/2026, the Plaintiffs filed a Petition for Rehearing *En Banc* against the Court's ruling.

In their 4/8/2015 pleadings, the Plaintiffs sued the Defendants for breach of contract and other grievances arising from the expropriation of YPF S.A. by the Argentine State. The Plaintiffs argued their minority participation in YPF S.A. should have been subject to a tender offer after Argentina expropriated Repsol S.A.'s 51% stake.

For both the Court and the District Court, assuming a violation of YPF S.A.'s bylaws insofar such tender offer, whether Argentina was responsible for any damages turned into a matter of Argentinean Law. The Court ruled the Plaintiffs were not entitled to any satisfaction under Argentinean Law. And the Plaintiffs had chosen to pursue their claims before U.S. courts knowing the matter would be decided on nuances under Argentinean Law.

During oral arguments of 10/29/2025, Judge Cabranes—who dissented from the majority opinion of Judges Chin and Robinson—asked Argentina's counsel whether this whole litigation of more than a decade should have been decided by

Argentinean courts, if it was rooted on foreign law. Counsel agreed.[1] But all three judges deemed U.S. courts had jurisdiction to rule based on foreign law.

RA4ARG disagrees with such view on grounds under Rule 60(b)(4)(6) and (d)(1)—(3), not yet formally heard. RA4ARG submits that any U.S. jurisdiction would be to dismiss the case and/or issue sanctions due to fraud on the Court.

The Plaintiffs intend to seek Supreme Court review, if needed, as well as international arbitration proceedings.[2] Thus, considering RA4ARG's pleadings is essential to reach finality and defend the interests of the Argentinean people in sync with U.S. national and strategic interests.

RA4ARG expects this Court to affirm the 3/27/2026 decision while addressing the grounds briefed by this appellant-intervening party in the related-case No. 25-576.

## IDENTITY OF *AMICUS CURIAE*

RA4ARG is a U.S.-based nonprofit dedicated to institutional integrity, transparency, and the rule of law concerning Argentina and its citizens.

RA4ARG sought timely intervention under Rule 24 and relief under Rule 60. The District Court denied intervention and declined jurisdiction to address the

---

[1] https://ww3.ca2.uscourts.gov/dtSearch/dtisapi6.dll

[2] https://s206.q4cdn.com/737820215/files/doc_news/Burford-Capital-Further-Statement-on-YPF-Appeal-Decision-2026.pdf

Rule 60 issues in light of the then-pending ordinary appeal and cross-appeal by the parties. RA4ARG's substantive request was not denied. See *Toliver v. Cnty. of Sullivan,* 957 F.2d 47, 49 (2d Cir. 1992) (Rule 62.1(A)(3)(B)(C), FRAP, Rule 12.1) (D.Ct.Dkt. 726; Case No. 25-576, Dkt. 3.1).

Furthermore, party status is unnecessary to seek Rule 60 relief, which the Court may grant *sua sponte.* See *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 188 (2d Cir. 2006); *Binker v. Com. of Pa.*, 977 F.2d 738, 745 (3d Cir. 1992); *Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980) (*per curiam*); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385 (7th Cir. 2008) (collecting cases in circuit split).

RA4ARG's own appeal from that District Court's ruling remains pending before this Court and has been held in abeyance due to the Court's 3/27/2026 decision. See *Chafin v. Chafin,* 133 S. Ct. 1017, 185 (2013); *Republic of Austria v. Altmann*, 541 U. S. 677 (2004) (Case No. 25-576, Dkt. 104.1, 100.1, 105.1).

RA4ARG submits this brief to ensure that issues concerning judicial integrity, inherent authority, and related jurisdictional considerations are considered at this stage. Pursuant to FRAP, Rule 29(a)(3), this brief is "desirable" and "relevant to the disposition of the case."

**SUMMARY OF ARGUMENT**

The Court's 3/27/2026 decision correctly resolved the dispute presented by the parties and should be affirmed. This case also presents issues not addressed by any party at any stage. Those issues timely arise under Rule 60, including the Court's inherent authority to safeguard judicial integrity.

First, federal courts possess both inherent authority and rule-based authority to address circumstances implicating the integrity of judicial proceedings. That authority operates independently of the merits and may be exercised to ensure judicial processes are not used inconsistently with their institutional function.

Second, the issues raised here are not coextensive with the merits. They persist irrespective of how the underlying legal dispute is resolved and therefore bear directly on the completeness and finality of judicial review.

Third, because these issues have not been presented by any party, there exists a substantial risk that they will not be considered at any stage of further review. That risk is heightened where future or parallel proceedings may rely on the same underlying record.

Finally, the Court's decision—while correct—may be invoked in other fora in the absence of a complete articulation of all relevant considerations. In such circumstances, it is appropriate for the Court, in determining whether further

9

review is warranted, to consider additional grounds that support the same outcome and provide finality irrespective of the particular forum.

For these reasons, the Court should deny rehearing and affirm its decision, while recognizing that independent and institutional Rule 60 considerations provide additional support for that result.

## ARGUMENT

### I. FEDERAL COURTS POSSESS INHERENT AND RULE-BASED AUTHORITY TO ADDRESS ISSUES AFFECTING THE INTEGRITY OF THE JUDICIAL PROCESS

Federal courts have long recognized that the integrity of the judicial process is a foundational concern that transcends the disposition of any individual case.

Courts are not powerless to address circumstances undermining their proceedings. Rather, courts retain both the authority and the responsibility to ensure that judicial processes are not used in a manner inconsistent with the administration of justice. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944); *Alix v. McKinsey & Co., Inc.,* No. 20-2548 (2d Cir. 2022).

That principle is reflected in Rule 60 as it provides mechanisms for relief from judgments in circumstances implicating fundamental fairness, including where defects bear upon the integrity or validity of the proceedings themselves. These provisions operate independently of the merits of the underlying dispute.

10

Importantly, the authority embodied in Rule 60 is not limited by the procedural posture of a case. Nor is it confined to arguments formally advanced by the parties. Where circumstances raise concerns of a structural or institutional nature, courts retain the capacity to address them to safeguard the legitimacy of judicial outcomes.

This understanding has been reaffirmed in cases recognizing that where alleged misconduct or irregularities "target the federal judiciary," heightened scrutiny may be warranted to preserve confidence in the judicial process. See *Alix v. McKinsey & Co., Inc.,* No. 20-2548 (2d Cir. 2022).

Furthermore, there is a category of cases U.S. courts can and must reject from the onset because they do not belong in this forum for a multiplicity of reasons, including the possibility of negatively impacting the comity principle among sovereign nations and/or dealing with dubious sovereign matters –like significant international government corruption seeking its exploits before U.S. courts–, in fact foreign to the U.S. administration of justice. See *Federal Republic of Germany v. Philipp*, 592 U.S. ___ (2021); *Hussein v. Maait*, No. 22-1506 (2d Cir. 2025); *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1373, 1374 (2010).

These principles underscore a fundamental proposition: the legitimacy of judicial outcomes depends not only on correct legal reasoning, but on the integrity

of the process by which those outcomes are reached. Accordingly, where issues arise that call into question that integrity—whether or not raised by the parties—courts may consider them in establishing the appropriate course of proceedings.

## II. RECORD-BASED ALLEGATIONS RAISE SUBSTANTIAL CONCERNS REGARDING THE INTEGRITY OF THE JUDICIAL PROCESS

The institutional concerns identified in this brief arise from specific record-based allegations submitted by RA4ARG on record. If credited, they bear directly on the integrity of this overall litigation. There is "substantial showing" of significant foreign-government corruption on record.

RA4ARG filed before the District Court and this Court evidentiary materials—including, *inter alia*, a 2018 report issued by the *Argentinean Financial Intelligence Unit* (UIF No. 0704/18)—describing the relationship, financial flows, and coordinated dealings between members of the Kirchner Family, then exercising control over the Argentinean government, and the Eskenazi Family, whose entities initiated the underlying claims concerning YPF S.A., while embarking on Burford Capital Ltd.'s role within this overall scheme.

Such uncontested and undisputed evidence, together with various criminal complaints, describes the following:[3]

---

[3] Ex.1-2 to Republican Action for Argentina, Inc.'s Memorandum of Law in Support of *Ex-Parte* Motion for Order Pursuant to Fed. R. Civ. P., Rule 60(b)(6),

- the acquisition by Eskenazi-controlled entities of a substantial ownership interest in YPF S.A. under circumstances involving no independent capital contribution, with repayment structured through succulent dividend streams (allegedly illegal and categorized *prima facie* as money laundering);

- the alignment of that acquisition with governmental decision-making authority exercised by officials associated with the Kirchner administration (including *prima facie* violations of public duties, illicit enrichment, bribery, fraudulent administration, incompatible dealings with public office, money laundering, and conspiracy, among others); and

- the subsequent expropriation of YPF S.A., which altered the economic and legal landscape in a manner directly bearing on the claims later advanced in this litigation (following financial and operational deterioration of YPF S.A., enabling further unlawful conduct and culminating in alleged fraud on the Court in the U.S.).

RA4ARG further alleged that these relationships and transactions, for obvious reasons of eventual self-incrimination, were not fully disclosed or developed in this litigation as part of the adversarial presentation of the case.

---

(d)(1)—(3), 2/17/2025, not uploaded to the PACER system by the District Court (D.Ct.Dkt. 720; Case No. 25-576, Dkt. 36, Ex. 7, Dkt. 43.1, App. L, A-239 – A-283).

The Plaintiffs' claims were pursued with the technical and financial support of Burford Capital Ltd., resulting in an unprecedented damages award at the District Court level, while the underlying factual context described above remained outside the scope of the adjudicative record developed by the parties.

These allegations—supported by evidence submitted to the courts on record and, in part, referenced by the Republic of Argentina—raise concerns that go beyond the merits of the dispute as framed by the parties.

If credited, they suggest the possibility that:

- the litigation may have been presented as a conventional commercial dispute despite underlying relationships that bear on its characterization;

- material aspects of the factual context were not subjected to adversarial testing due to due to a pattern of silence and omissions that would otherwise be self-incriminating); and

- the judicial process may have been invoked in a manner that did not fully reflect the totality of circumstances giving rise to the claims.

Such circumstances fall squarely within the concerns addressed by Rule 60 and the Court's inherent authority, where relief may be warranted to protect the integrity of the judicial process itself.  See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944); *Alix v. McKinsey & Co., Inc.,* No. 20-2548 (2d Cir. 2022).

14

The point for present purposes is not to resolve these allegations on the merits. Rather, it is that they exist on the record, have not been addressed by any party but RA4ARG, and bear directly on institutional considerations that remain relevant irrespective of the disposition of the merits.

In that context, consideration of these issues at this stage ensures that the Court's determination regarding further review—and the scope of its decision—is made with awareness of factors that may affect the integrity and proper characterization of the proceedings.

## III. THESE ISSUES ARE DISTINCT FROM THE MERITS AND REMAIN RELEVANT AT THE REHEARING STAGE

The issues addressed in this brief are analytically distinct from the merits questions resolved by the Court's 3/27/2026 decision, which focused on a variety of questions under Argentinean Law arising from the expropriation of YPF S.A.

Those determinations, while dispositive of the dispute as framed by the parties themselves, do not encompass the institutional considerations addressed herein. Concerns relating to the integrity of the judicial process, the scope of Rule 60, and the Court's inherent authority are not dependent on the outcome of the merits. They may persist regardless of whether the underlying judgment is affirmed, reversed, or otherwise modified.

For that reason, such issues interject directly on whether further review should proceed without their consideration.

At the rehearing stage, the Court is not limited to reconsidering the panel's reasoning in isolation. It may also take into account whether additional legal or institutional considerations—particularly those not previously presented—counsel in favor of further review or, conversely, reinforce the appropriateness of the existing disposition.

In such circumstances, the absence of these issues from the Court's consideration may result in an incomplete adjudicative record, particularly where future proceedings may rely on that record.

The Plaintiffs are in fact attempting to use the record to circumvent the Court's 3/27/2026 decision in arbitration proceedings (D.Ct.Dkt. 172, 911, 912, 913, 914, 915), yet none of their submissions contested the evidence and Rule 60 claims presented by RA4ARG, which were entirely obviated by them (D.Ct.Dkt. 722; Case No. 25-576, Dkt. 63.1).

**IV. ABSENT RA4ARG PARTICIPATION, THESE ISSUES MAY NOT BE PRESENTED AT ANY STAGE OF FURTHER REVIEW**

No party to this litigation has presented the issues addressed in this brief. The parties have litigated this case on grounds relating to contractual obligations, sovereign immunity, *forum non conveniens,* the interpretation of foreign law, and

ancillary. Those issues, while central to the merits, do not encompass the institutional and procedural concerns addressed herein.

Where issues are not raised by any party, there exists a substantial risk that they will not be considered in connection with rehearing, *certiorari*, or related proceedings. And that risk is heightened by the current procedural posture.

RA4ARG has raised these matters through a pending appeal held in abeyance, and their consideration at this stage would ensure that they are not rendered functionally unreviewable.

## V. AFFIRMANCE ON ADDITIONAL RULE 60 AND INSTITUTIONAL GROUNDS SUPPORTS FINALITY AND PREVENTS MISUSE OF THE JUDICIAL PROCESS

The Court's 3/27/2026 decision correctly resolved the case on the grounds presented by the parties. That result should be affirmed.

It is well established that the Court may affirm on any ground supported by the record. Where independent considerations provide additional support for the same outcome, recognizing those grounds promotes both clarity and finality.

Here, the Rule 60 and institutional considerations provide such additional support since they relate to independent grounds of the merits analysis, reinforcing the Court's disposition; namely:

- the integrity of the judicial process and sound judicial policy—legal precedents deterring foreign-government corruption that impacts

17

judicial integrity and hampers the competitiveness of U.S. companies abroad—;[4]

- the proper scope of federal jurisdiction—significant foreign-government corruption is neither commercial activity nor a legitimate expropriation process under the *Foreign Sovereign Immunities Act* (FSIA) —; and

- the circumstances under which judicial relief may be invoked or enforced.

In the absence of a complete articulation of all relevant considerations, there exists a risk that the decision may be relied upon without the benefit of a fully developed record and its proper scope and effect. That risk is not speculative.[5]

Accordingly, affirmance on the basis of the panel's reasoning, together with recognition of these additional considerations, promotes both finality and sound administration of justice.

## CONCLUSION

For the foregoing reasons, RA4ARG respectfully submits that the Court should deny rehearing and affirm its 3/27/2026 decision. In doing so, the Court may also consider the additional grounds set forth herein, which independently

---

[4] Arbastkaya, Maria, Mialon, Hugo, "The Impact of Foreign Corrupt Practices Act on Competitiveness, Bribery, and Investment", *22(1) American Law and Economics Association*, April 2020, 105-126.

[5] Idem 2, 3.

support that result and bear on the integrity, finality, and proper scope of these proceedings.

Dated: May 11, 2026.

s/Fernando G. Irazu

By:   Fernando G. IRAZU
      Counsel
      ***Republican Action for Argentina, Inc.***
      Billinghurst 1656
      Buenos Aires, 1425
      ARGENTINA
      fgirazu@gmail.com
      +54811-3084-8080

## CERTIFICATION

I hereby certify that this *Amicus Curiae* brief complies with FRAP, Rule 29(b)(4) because it contains 2,592 words, excluding the portions of the brief exempted by Rule 32(f), according to the count of Microsoft Word.

I further certify that this brief complies with the typeface and type-style requirements of FRAP, Rule 32(a)(5)-(6) because it is printed in a proportionally spaced 14-point font, Serif.

Dated:  May 11, 2026.

s/Fernando G. Irazu

By:   Fernando G. IRAZU
      Attorney at Law
      President
      ***Republican Action for Argentina, Inc.***
      Billinghurst 1656
      Buenos Aires, 1425
      ARGENTINA
      fgirazu@gmail.com
      +54811-3084-8080

20

## CERTIFICATE OF SERVICE

On May 11, 2026, I filed and served the foregoing *Amicus Curiae* brief electronically via the ACMS system.

Dated:  May 11, 2026.

<div align="center">

s/Fernando G. Irazu

</div>

By:    Fernando G. IRAZU
Counsel
***Republican Action for Argentina, Inc.***
Billinghurst 1656
Buenos Aires, 1425
ARGENTINA
fgirazu@gmail.com
+54811-3084-8080